UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 11-3607 DSF | Date | 11/7/11 |
|---|---|---|---|
| Title | In re Thorpe Insulation Co. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Dismiss Appeal

Several insurer Appellants appeal the bankruptcy court's order authorizing the Thorpe Insulation Company Asbestos Settlement Trust ("Trust"), in its discretion, to pay the law firms Kazan, McClain, Lyons, Greenwood & Harley, PLC, and Brayton*Purcell, LLP ("Law Firms") up to an amount determined through a mediation between those firms, the Trust, Special Insurance Counsel, the Future Claims Representative, and the Creditors' Committee. Appellees now move to dismiss the appeal due to lack of standing of the Appellants.

> To have standing to appeal a decision of the bankruptcy court, an appellant must show that it is a "person aggrieved" who was directly and adversely affected pecuniarily by an order of the bankruptcy court. The order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights.

In re Parker, 139 F.3d 668, 670 (9th Cir. 1998) (some internal quotation marks and brackets omitted).

The bankruptcy court's order that has been appealed only authorized the trustees of the Trust to pay, in their discretion, fees to the Law Firms. The only people who might be "adversely affected pecuniarily" by such a decision are the Trust's beneficiaries because they are the ones that are supposed to benefit from the funds held in the Trust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

The Trust's beneficiaries are the various present and future asbestos claimants, not the insurance companies who might have to fund the Trust in the event that the Trust is successful in establishing coverage for the asbestos claims.

Appellants argue that they should be considered beneficiaries of the Trust because in certain very limited circumstances the Trust may be obligated to indemnify them for certain litigation expenses. This does not make Appellants a beneficiary of the Trust; it makes them a *potential* creditor of the Trust. Even if the Court assumes that a creditor of the Trust could have standing to interject itself into Trust administration in some circumstances, that the Trust might some day become insolvent and not be able to indemnify Appellants for an expense that they may never incur is far too speculative to give rise to bankruptcy appellate standing.

In the alternative, Appellants again raise their tried-and-untrue argument that because they are possibly – depending on the outcome of the state coverage litigation – partially funding the Trust through insurance proceeds, they should have a voice in every aspect of Thorpe's bankruptcy proceedings and now, presumably, a voice in every aspect of Trust administration. This time Appellants come armed with a new Third Circuit asbestos bankruptcy case that allowed insurers standing to object to a plan of confirmation in an asbestos bankruptcy where administration of the bankruptcy case itself allegedly increased silica claims exposure. In re Global Industrial Technologies, Inc., 645 F.3d 201 (3d Cir. 2011) (en banc) ("GIT"). GIT, a 6-4 en banc opinion, is limited, by its own reasoning, to cases where insurers' exposure was created by the bankruptcy itself. See id. at 212 (increase of exposure meant plan was not insurance neutral). If that was even true in GIT, it is not the case here.[1] And, in any event, even if Appellants had some standing to object to some aspects of the bankruptcy proceedings, they would still have to establish that they were affected by the order being appealed.

Finally, Appellants argue that an appellate court has some sort of roving authority to police the jurisdiction of a lower court, regardless of general principles of appellate jurisdiction. There is no support for this view. The cases cited by Appellants stand for

---

[1] GIT is probably wrongly decided, largely for the reasons given in the GIT dissent. It makes little sense to say that the insurers' exposure was increased by the bankruptcy case. There were either silica claims that could be asserted against GIT or not, and there was either insurance coverage for those claims or not. These issues are presumably governed by underlying state substantive law. The bankruptcy case certainly did not *create* exposure for the debtor or its insurers even if it arguably was the catalyst for some of the lawsuits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

the unexceptional point that an appellate court has an independent obligation to determine its own jurisdiction, not that it can review the jurisdiction of a lower court absent appellate jurisdiction.

The motion to dismiss is GRANTED.  Appeal DISMISSED.

IT IS SO ORDERED.